# CHARLESTON.

## T. J. AGGLESON v. S. M. KENDALL

Submitted October 17, 1922.          Decided October 24, 1922.

MASTER AND SERVANT—*Automobile Owner Liable for Negligence of Member of Family.*

> Where one owns and maintains an automobile for the comfort, convenience, pleasure, entertainment and recreation of his family and entrusts its management to any member thereof, such member will be regarded as the agent or servant of the owner, and he will be held liable in damages for injuries sustained by a third person from the negligent management of such machine on the public roads by such agent or servant.

Error to Circuit Court, Randolph County.

Action by T. J. Aggleson against S. M. Kendall.  From judgment for plaintiff in the circuit court upon appeal from the justice court, defendant brings error.

*Affirmed.*

*Talbott & Hoover* and *Arnold & O'Connor,* for plaintiff in error.

*James Coberly* and *H. G. Kump,* for defendant in error.

MILLER, JUDGE:

In this suit, begun before a justice, and tried *de novo* before a jury upon an appeal to the circuit court by the defendant, the plaintiff obtained a verdict for the sum of $197.-81, and the judgment now complained of was that the plaintiff recover of the defendant and the surety on his appeal bond the sum of $209.56, being the sum due including interest and costs to the time the appeal was taken, with damages thereon from January 1, 1919, the date of the appeal together with his costs incurred upon the appeal by the defendant to the said circuit court.

The subject of plaintiff's claim sued for was damages done to his automobile by a collision with the car of defendant, due to the alleged negligence of defendant's daughter, an infant between fifteen and sixteen years of age, which at the time of the collision was being driven by her on the public road in Randolph County, between the city of Elkins and the town of Beverly. That the plaintiff's car was damaged to the amount sued for was not controverted. The only question of fact in issue before the jury was whether this damage was the result of negligence on the part of the driver of defendant's car, or of plaintiff's son in managing his car. The verdict of the jury must be regarded as having settled this question of fact in favor of plaintiff and against defendant.

The plaintiff relied mainly on the evidence of his son, and of one Charles F. Hedges, who was riding with him at the instant of the collision, and the position and condition of the two cars immediately after the collision, as detailed by these witnesses and others who saw the two machines then and afterwards, and also upon admissions of the driver of defendant's car, a five passenger Buick machine, and of three of the four young men and one young woman, who were passengers with her at the time of the collision.

The evidence reveals the undisputed fact that plaintiff's car was in charge of his son, an automobile mechanic, having a chauffeur's license, and was being driven by him southward on the Elkins and Beverly road, a concrete road fourteen feet wide. The four young men had been picked up by defendant's daughter at the then end of the concrete pavement, some distance south of the place of the accident. Two of these young men were seated in the front seat with Miss Kendall, and the other two were in the rear seat with the other young woman, a friend of Miss Kendall's, who had accompanied her on a pleasure ride. The accident occurred the latter part of September, about eight o'clock in the evening, after dark. The driver of plaintiff's car sighted that of defendant as it came over a hill, from two to three hundred yards south of the point of collision, immediately behind a Ford car going in the same direction. Plaintiff's car was on the right hand side of the road going south; and his witness says that when seeing the Ford car followed closely by defendant's car, the driver of his car drove close to his side of the road, so that the right wheels were over on the shoulder of the road and off the pavement about two feet; and all agree that immediately after the impact plaintiff's car was sitting on the right hand side of the road going towards Beverly, some two or three car lengths south of the point of collision, the spokes of the left front wheel broken out, the rim entirely off, the spindle of the right end of the front axle broken off, and lying under the car. The axle was also bent at both ends and torn loose from the springs. The bumper on the front end of the car was untouched, but the fenders and the running board on the left side were bent up or broken off; and the front end of the car was headed into the bank across the ditch on the west side of the road. It is further agreed that there was nothing in front of plaintiff's car on his side of the road to interfere with its progress southward or to cause it to turn to the other or east side. Nor is it controverted that before the collision the defendant's car had run into the rear end of the Ford car and pushed it some distance, and that immediately afterwards it emerged from behind the Ford car, col-

liding with plaintiff's car, and went on behind it diagonally across the road and over the bank on the west side, breaking through a wire fence into an adjoining field a distance of thirty-five to forty feet.

The result of the collision, either with the Ford car or with the plaintiff's car was that the front bumper was torn from defendant's car and left lying in the road, the left front fender was mashed at the place where it joins to the running board, and the tool box installed there was also mashed. The hub cap on the left front wheel was broken off; and aside from some bruises and scratches, it was otherwise uninjured, and was driven out of the field on its own power and taken to town the same night.

The claim and theory of defendant and his witnesses is that plaintiff's car was driven in behind the Ford car and against defendant's car, striking it near the tool box, which caused it to be thrown around and behind the plaintiff's car and diagonally across the road in the opposite direction from the motion of the car, with the result already described. It seems to us that this theory is contradicted by all the physicial facts attending the accident, as well as by all known principles of mechanics. At all events, the jury evidently found against this theory, otherwise their verdict must have been for defendant. If this theory was the correct one, some damage would undoubtedly have been done to the bumper on the plaintiff's car, but it was in fact untouched.

The facts being found as they must have been, the remaining question, one of law, is whether the defendant is liable for the negligent management of the car by his daughter. The trial court submitted plaintiff's theories of liability to the jury by four instructions; the first based on the theory that defendant's daughter was a careless, reckless and incompetent person, and to defendant's knowledge unfit to be entrusted with the management of a motor car on the public roads, and the proximate cause of the damages sustained by plaintiff; the second, that defendant owned and maintained his car for the pleasure of his family, including his daughter, and permitted her to operate the car upon the public roads

for her pleasure, with defective brakes, which resulted in the collision doing the injury to plaintiff's car; the third, that defendant so mainatined his car for the pleasure of his family, and that his daughter was a member thereof and was at the time of the collision using it for that purpose, with the permission of the defendant, express or implied, and by her negligence caused the damage to plaintiff's car, without fault on his part, rendering defendant liable therefor; the fourth instruction was substantially the same as the third, with the additional theory suggested that if the daughter was engaged in driving the car as assumed in the third instruction, she was in fact engaged in defendant's business, and that he was liable for her wrongs resulting in the injury to plaintiff's car.

It is manifest that the propositions contained in the third instruction are based on the rules applicable to master and servant, or to principal and agent. In a case like this the distinction between liability in the two relationships need not be particularly regarded. In the recent case of *Jones* v. *Cook,* 90 W. Va. 710, we took our position on the side of those cases distinctly holding that where one owns and maintains an automobile for the comfort, convenience, pleasure, entertainment or recreation of his family and entrusts its management to any member thereof, who while operating the same on a public road negligently does injury to a third person, such member will be regarded as the agent or servant of the owner, and render him liable in damages for such injuries. We need not repeat here what was so recently said in the case referred to; and we are not persuaded by anything urged in this case to depart from the principles enunciated in the former case. Taken as a whole we see nothing wrong in the plaintiff's instructions.

The court below was requested by defendant to give the jury ten instructions. After disallowing Nos. 1, 2, 3, and 4, the court gave Nos. 5, 6, 7, 8, 9, and 10. And being further requested, the court apparently gave for defendant instructions Nos. 2A and 3A. Instruction number one was a direction to find for defendant, which we think was properly re-

jected.  Numbers two and three, rejected, were substantially the same as numbers 2A and 3A, given to the jury.  If there was any error in rejecting numbers two and three, they were fully covered by numbers 2A and 3A; and defendant could not complain of the error, if any, in refusing numbers two and three.  Number two would have required the jury as a condition of finding for plaintiff, to find, first, that the damages were the result of the negligence of defendant's daughter, and second, that she was then acting as his agent and was transacting his business.  Instruction number three would have told the jury that the mere fact that defendant's daughter was a member of his family and was driving his car with his permission at the time of the accident, did not constitute her his agent unless they should believe from the preponderance of the evidence that she was engaged in transacting business for the defendant.  Number two was wrong because misleading, and in submitting to the jury a question of law, which was for the court.  They were liable to be misled because the instruction did not define what in such a case constituted the transaction of business for defendant.  Number three is amenable to the same criticism.  But as these propositions were fully covered by numbers 2A and 3A, the defendant was not prejudiced, and there was no just cause of complaint.  Instruction number four would have limited liability only to finding that the injury was the result of defendant's failure to equip his car with proper brakes, which was only one of the theories of plaintiff, not much relied on; and the instruction being a binding one and predicated solely on this theory, was of course properly rejected.

Our conclusion is to affirm the judgment.

*Affirmed.*