# CHARLESTON.

MERCEDES WATSON *v.* ROBERT E. BURLEY, SR. *et al.*

(No. 6183)

Submitted April 10, 1928.     Decided April 17, 1928.

1. EVIDENCE—*Jury is Not Bound to Accept Uncontradicted Testimony Controverted by Circumstances.*

   The jury is not bound to accept uncontradicted testimony when there are circumstances which controvert it.     (p. 418.)
   (Evidence, 23 C. J. § 1791.)

2. AUTOMOBILES—*Adult Son Residing at Parental Home, Employed by, and Partly Dependent on, Father, May Properly be Considered Member of Father's "Family" as Regards Father's Liability for Injury With Automobile.*

   An adult son, who resides at the parental home and is employed by and partly dependent on his father, may properly be classed as a member of his father's family.     (p. 419.)
   (Motor Vehicles, 42 C. J. § 840.)

3. SAME—*Owner of Automobile is Not Relieved From Liability Under Family Purpose Doctrine Merely Because Negligent Use of Car Was Made by Adult Son.*

   The owner of an automobile is not relieved from liability under the family purpose doctrine, by the mere fact that the negligent use of the car was made by an adult son.     (p. 423.)
   (Motor Vehicles, 42 C. J. § 840.)

   (NOTE:  Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Marshall County.

Action by Mercedes Watson against Robert E. Burley, Sr. and another.  Judgment for plaintiff, and defendants bring error.

*Affirmed.*

*Martin, Brown* and *McCamic & Clarke*, for plaintiffs in error.

*Handlan, Garden & Matthews*, for defendant in error.

HATCHER, JUDGE:

The plaintiff was struck by a Ford coupe driven by Robert Burley, Jr., sustaining serious injuries. The coupe was owned by Robert Burley, Sr., the father of Robert, Jr., but was being used by the son for his own pleasure at the time of the accident. The plaintiff recovered a judgment against both Burleys in this action.

The main contentions of defendants are, that the coupe was purchased and used by the father solely as a business car and not for "family purposes", that he had strictly forbidden his son to take it for his personal use, that the son was an adult and not a member of the father's family, and that the father is not liable under the "family purpose" doctrine.

Burley, Sr., owned a Buick sedan which he kept solely for family purposes. He stated that the coupe was purchased (several months before the accident to plaintiff), for business purposes and was used only as a business car. The testimony of both defendants shows, however, that from time to time the coupe was used for the pleasure of Mrs. Burley, Sr., or for her pleasure and that of a minor son, Lindsay. The mere fact that a car is purchased for business purposes does not prevent its coming within the "family car" doctrine where it is used for family pleasure. Huddy, Automobiles, 7th ed., sec. 784, p. 858. The defendants themselves recognized some probative value in their admissions, as they submitted to the jury in an instruction (No. 15) whether the coupe was used as a family car. Burley, Sr., also stated that he forbade Robert, Jr., the privilege of using the coupe for his own purposes at the time it was purchased; that quite frequently he had directed the son to drive the coupe in the prosecution of his business, but had never given him permission to use it for his own pleasure; and that about a week before the accident, he had again refused his son the personal use of the car. He admitted, however, that he had seen Robert, Jr., driving it several times when not authorized to do so; that he left the key in the car at all times, and kept the garage unlocked, and that there was nothing to prevent the son taking the car for his own purpose if he so desired.

The son corroborated the father's testimony in all respects, admitting that he had frequently used the car for his own pleasure, when he could "slip it out" without his father observing him.

In *Landry* v. *Overson,* (Iowa) 174 N. W. 255, the defendant was sued for damages occasioned by his automobile, which had been taken out by his 16 year old daughter. The daughter testified that her father had forbidden her to drive the car when not accompanied by one of her parents, and at the time of the accident she was driving it in violation of that command. She admitted, however, that she had taken the car out several times before that time, without parental permission or companionship, and under such circumstances as the father should have known of her doing so. The defendant stated that he had repeatedly forbidden his daughter to make use of the automobile when not accompanied by him or her mother, and that he had no information of her disobeying his orders. The court said, however, that the circumstances under which she had driven the car at the times she had taken it without permission "cast doubt on his story", and further commented as follows: "Even though he may have forbidden her to operate the car without being accompanied by her parents, the order was more honored in breach than observance, and the jury might have found that, notwithstanding what he had said, he acquiesced in her use of the car contrary to his command." Like expressions may be found in *Olberg* v. *Kroehler,* 1 Fed. (2nd) 140; *Jensen* v. *Fischer,* 134 Minn. 366; *Robertson* v. *Aldridge,* 185 N. C. 292, 296; *Wallace* v. *Squires,* 186 N. C. 339, 343; *Smith* v. *Tappen,* 208 Ill. App. 433, 437; *Linch* v. *Dobson,* 108 Neb. 632, 635. (Incidentally, the wrongdoer in the last case cited was an adult son). "The testimony of a party to an action is not binding on the jury where there are circumstances contradicting the testimony." *Groves* v. *Whittenberg* (Tex.), 283 S. W. 1095. The ruling in the above cases is simply the legal corallary of the old adage "actions speak louder than words." We therefore hold that the plaintiff herein had the right to submit to the jury whether the failure of the father to take steps to prevent personal use of the car by the son when he

knew the son was thus using it in disregard of his commands, constituted an implied consent for the son to so use it. This submission was properly made to the jury in plaintiff's instruction No. 7.

Robert Burley, Jr., was twenty-five years of age at the time of the accident. After arriving at his majority he had married, moved to Ohio, failed in business there, and then returned to the home of his father. "For financial reasons", as he stated, his wife and child resided with her father, and he resided with his. It was her custom, however, to spend about half of the time with him. He worked for his father, performing such general duties as directed, and received as wages $20.00 a week, room and board. No extra charge was made by his father for the visits of his wife and child. It is contended that under these circumstances and particularly in view of the son's emancipation, he was not a member of his father's family. Emancipation is not a test in such case. A son residing with the father does not cease to be a member of the father's family when he arrives at his majority by reason of that fact alone. *Ry. Co.* v. *Chisholm,* 79 Ill. 584. In *Stewart* v. *Stewart,* 18 W. Va. 675, after an extensive review of the authorities, the word "family" is defined as follows:

> "The word family has two very distinct meanings: 1st, The collective body of persons, who live in one house and under one head or manager; and it may include in this sense parents, children, servants, or in some cases even boarders or lodgers; 2d, Those who descend from one common progenitor; and in this sense it cannot include the parents and has no reference to the fact of residence in one house and under one head. When used in its first sense, it rarely includes boarders and lodgers; sometimes includes servants; generally includes children; but is sometimes confined to the wife and infant children or those dependent on the head of the family by reason of their relations independent of contract. The word has this comprehensive, or more or less limited, sense, as will most effectually carry out the purpose of the document, in which it is used."

In the case of *Jones* v. *Cook*, 90 W. Va. 710, this Court definitely adopted the "family purpose" doctrine. A moving consideration for this adoption was to place "the financial responsibility of the owner behind the automobile while it is being used by a member of the family who is likely to be financially irresponsible." Should we not give to the word "family" a comprehensive definition in order to meet the practical purpose behind the adoption of this doctrine? Robert Burley, Jr., resided under the parental roof and was subject to parental orders. He was dependent on his father— not absolutely, but to a degree. These facts clearly classify him as a member of his fathers family under a comprehensive definition of the word "family".

In support of the contention of error on this point, defendants' brief cites *Van Blaricom* v. *Dodgson*, 220 N. Y. 111; *Woods* v. *Clements*, 113 Miss. 720; *Elms* v. *Flick*, 100 Ohio St. 186; *Arkin* v. *Page*, 287 Ill. 420; *Cohen* v. *Meador*, (Va.) 89 S. E. 878; *Pratt* v. *Caloutier* (Me.) 110 Atl. 353; *Smith* v. *Weaver*, (Ind.) 124 N. E. 507; *Mooney* v. *Canier*, (Iowa) 197 N. E. 625. In selecting their citations, defendants have failed to take into consideration the fact that all the above cases, except the one from Iowa, emanate from courts which have refused to give to the "family purpose" doctrine the broad application given by our Court. Some of those decisions did refuse to hold the owner of the car liable for the negligence of an adult son, not because the son was an adult, however, but because he was using the car solely for his own pleasure. In *Ambrose* v. *Young*, 100 W. Va. 452, the father was held liable for the negligent use of an automobile by his son even when the son was bent solely on his own pleasure. The *Iowa* case may be clearly differentiated from this by the facts. There the driver of the automobile which committed the injury was an adult step-son, twenty-eight years of age, who roomed and boarded at the home of his step-father, but was engaged in business of his own. The step-son had a car of his own which he operated for his own purposes until very shortly before the accident occurred. He had driven the step-father's car but a few times, and then only when the step-father was along. He had no express permission to use the

car at the time of the injury, and there was no evidence upon which to base an implied authorization. Therefore the above citations are not persuasive authority on this question. Under the "family purpose" rule, the liability of the father does not depend upon whether the son is a minor or an adult. "In courts upholding the 'family purpose' doctrine, the fact that the child whose negligence causes the accident is an adult is only a circumstance to be considered, and the doctrine will apply if the adult lives with the parents as one of the family." Bobbitt, Motor Vehicles, 3rd ed., sec. 1188. The parent is under no legal obligation to furnish an automobile for the pleasure of his children, whether they be minor or adult. The test is not whether the child is adult or minor, but whether he was using the car for a purpose for which the parent provided it with the permission of the parent either express or implied. "Frequently fathers continue not only to support their children after the latter have become *sui juris,* but to provide them, as members of the family, with the means of recreation and pleasure. The question is whether the child, be he an adult or a minor, was acting for the parent, was using the car for a purpose for which the parent provided it, and the evidence to support the affirmative of this issue is not different when the child is an adult than it is when the child is a minor." Berry, Automobiles, (5th ed.), sec. 1357. See also *Marshall* v. *Taylor,* (Mo.) 153 S. W. 527; *Linch* v. *Dobson, supra; Watts* v. *Lefler,* (N. C.) 130 S. E. 630; *King* v. *Smythe,* 140 Tenn. 217; L. R. A. 1918 F 293. Therefore the trial court correctly refused defendants' instructions based on the theory that Robert Burley, Jr's., membership in his father's family depended on whether it was the *legal duty* of the father to support him.

There is testimony that Robert Burley, Jr., was under the influence of liquor at the time of the injury to plaintiff. Burley denies that he had been drinking, but the evidence to the contrary is corroborated by his general deportment. Prior to striking plaintiff he had driven the coupe so as to crash into the rear of a parked automobile. Without stopping to make amends for that damage he had proceeded on his way. A traffic officer pursued him on a motorcycle. Burley's speed

was so rapid, although along a crowded street, that the officer was unable to overtake him and fired several shots at the tires of the fleeing car, one of the shots passing through the body of the coupe. While this race was in progress the coupe struck the plaintiff as she was about to board a street car. Burley testified that he feared the traffic officer was a high-wayman attempting to hold him up, that he fled because he thought his life was in danger; that he did not see the plaintiff and did not know that he had struck her until so informed afterwards. That testimony, if true, is confirmatory of a condition inebriate, instead of presenting a defense as defendants contend. If we assume that the conduct of the officer was culpable and contributed to the accident, that assumption does not acquit defendants of Robert, Jr's., legal obliquity. A defendant in a tort action cannot escape liability because a third party was concurrently negligent. All who contribute proximately to an injury are responsible severally as well as jointly. See *Hutcherson* v. *Power Company*, recently decided by this Court.

The charge of contributory negligence is groundless. The place of the accident was a regular street car stop. Plaintiff had the right to assume that no automobile would attempt to pass the street car while it was stopping to receive passengers.

Defendants further say that the plaintiff was permitted to speculate in her testimony as to her injuries, and that her counsel was permitted to appeal to the passions of the jury in his address to it, greatly to their prejudice. The tibia of plaintiff's right leg was broken, the fracture extending into the knee joint; the ligaments of her left leg were ruptured. She received numerous superficial cuts and bruises. She experienced intense pain which continued for months after the injury. She is a graduate nurse. In the opinion of physicians her disability is likely permanent. If so, her efficiency in her professional work will be permanently impaired. The verdict of the jury was for $8,500.00. In view of the magnitude of plaintiff's suffering and injuries that amount does not indicate that the jury was influenced in the slightest degree by the speculation of plaintiff or the appeal of her counsel.

Error is charged in the giving and refusal of instructions. We have examined the instructions with care and find them subject to no criticism except duplication.

Numerous assignments of error are also made to the admission and rejection of evidence. We find no prejudicial error in these assignments. The circumstances under which Robert, Jr., resided with his father made him a member of his father's family as a matter of law. Irrespective of other evidence, the admissions of defendants as to the use of the coupe for family purposes and as to its personal use by Robert, Jr., with the knowledge of the father, amply support the verdict.

The plaintiff moved the dismissal of the writ of error in this case, as improvidently awarded. As we find no merit in the writ, a discussion of plaintiff's motion is unnecessary.

The judgment of the lower court will be affirmed.

*Affirmed.*