[No. 23457. Department One. March 15, 1932.]

EMMA L. WILLIAMS, *Respondent*, v. JAMES G. DICKSON
*et al., Appellants.*[1]

*McCarthy & Edge, W. E. Dupuis,* and *Leo F. Wilson,*
for appellants.

*R. L. Campbell,* for respondent.

HERMAN, J.—A Ford coupe, owned by defendants
and being driven by their daughter, Margaret Dickson,
on November 12, 1930, at 10:50 o'clock P. M., struck
plaintiff as she was leaving a street car, in the south-
eastern part of the city of Spokane, causing the in-
juries for which plaintiff brought this action against
defendants. A trial of the cause in the superior court
before a jury resulted in a verdict for plaintiff in the
sum of $4,601.20. From a judgment entered thereon,
defendants appeal.

Appellants make four assignments of error. The
first three are based upon the theory that the trial
court erred in failing to enter judgment for appellants

[1]Reported in 8 P. (2d) 1087.

on the ground that the driver of the car was not authorized by appellants to drive the car which injured respondent.

In their answer, appellants admitted their ownership of the automobile, but denied that the car was "kept and maintained for the use, benefit and pleasure of the said community." Respondent introduced testimony to show that the driver of appellants' automobile was their twenty-three year old daughter, who, at the time of the accident, was a member of their household, and that she had been operating automobiles since she was fifteen years old.

In *Schnebly v. Bryson*, 158 Wash. 250, 290 Pac. 849, the court said:

"The fact that the automobile belonged to the respondents and that, at the time of the accident, it was driven by the daughter of respondents, or by her permission driven by another, was sufficient to put the respondents upon proof that the automobile was not used within the scope of the family purpose for which it had been purchased . . ."

In order to prove that Margaret Dickson, appellants' twenty-three year old daughter, who was driving their Ford coupe at the time of the accident, was without authority to drive that particular car, appellants called two witnesses, Margaret Dickson and her father, James G. Dickson. Appellants endeavored to show by the testimony of those two witnesses that appellant James G. Dickson bought a Ford sedan for the use of his wife and daughter, Margaret, and a Ford coupe for his own use. It was proved that, a great part of the time after the purchase of the Ford coupe, the business of appellant James G. Dickson required him to be absent from Spokane, where his family resided, and that he used the coupe during his absence. It was also shown that appellant Saida M. Dickson had ridden in the Ford coupe.

The testimony indicated that Margaret Dickson had never driven the coupe in question before the night of the accident, but she had driven other automobiles belonging to her parents over a long period of time, without objection by appellants. Both the coupe and the sedan were kept at the home of appellants. On the night of the accident, appellants knew their daughter was going out, but nothing was said about which car she should take.

On direct examination, Margaret Dickson testified in part as follows:

"Q. What automobiles were there at the Dickson home the evening that this accident occurred? A. There was a Ford coupe, which my father had for business, and there was another Ford sedan which he had gotten for the use of mother and I . . . Q. What, if anything, did you say about taking this Ford coupe? A. I said nothing. The family knew that I was going out, but they had no idea that I was taking that car. . . . Q. And what car did you take? A. I took the Ford coupe that belonged to my father."

On cross-examination, Margaret Dickson further testified:

"Q. There was a general understanding that nobody was to drive it except your father? A. The understanding was that that car was for business and for him, and if he wanted it, it was to be there. Q. That was the understanding, was it? It was to be his when he wanted it. You knew he wasn't going to use it that night, didn't you? A. Yes."

Appellant James G. Dickson testified his wife had ridden with him in the car, but that his daughter Margaret had never driven it before the accident. On cross-examination, he testified as follows:

"Q. These two cars were a matter of convenience, one for you while you were on the road, and one for the family while you were on the road? A. Yes, sir. Q. That is the truth about the matter, and it had been ar-

ranged whereby you could have a car and the family could also have a car? A. Yes, that is why I bought the car, so I could have a car all the time.''

The following colloquy occurred between appellant James G. Dickson and the trial judge:

''THE COURT: I understood your daughter to say you had forbid her to use it. Maybe I was wrong. Maybe I didn't understand correctly. A. That wasn't discussed. Perhaps I said, 'This other car is for you people, and I got the other car for my own use.' She hadn't driven it, and the question hadn't come up at all about her using it.''

In our opinion, the trial court did not err when it submitted the cause to the jury. Proof had been introduced that appellants owned the Ford coupe, and that, at the time of the accident, it was being driven by their daughter, a member of their household. In our opinion, appellants failed to show conclusively that their daughter, Margaret Dickson, did not have authority to drive their automobile. Whether she was driving the Ford coupe at the time of the accident with the consent of appellants, express or implied, was, under all of the testimony in this case, a question for the jury.

We have examined the record with reference to the remaining assignment of error, and find it to be without merit.

Judgment affirmed.

TOLMAN, C. J., PARKER, BEELER, and MITCHELL, JJ., concur.