H. C. WYANT *v.* CATHERINE PHILLIPS

(No. 8040)

Submitted February 5, 1935. Decided March 16, 1935.

*Fitzpatrick, Brown & Davis* and *Edwin A. Marshall,* for plaintiff in error.

*Via, Hardwick & Quinlan,* for defendant in error.

LITZ, PRESIDENT:

Plaintiff, J. C. Wyant, recovered judgment against defendant, Catherine Phillips, in the sum of $2,000.00 for personal injuries sustained by him when struck by an automobile belonging to her and operated by her husband, W. H. Phillips.

The case was submitted to the court in lieu of a jury upon a stipulation of facts, following: The collision resulted from the negligent operation of the car by W. H. Phillips, who died before the institution of this action. The automobile had been given to Catherine Phillips by her father. Her husband, W. H. Phillips, paid the cost of its upkeep and operation. It was used by Catherine and W. H. Phillips for their comfort, recreation, pleasure and convenience. At the time of the accident, the automobile was being used by the husband, in the absence of the wife, for his own pleasure, comfort, convenience and recreation. During his marriage with defendant, W. H. Phillips was regularly employed, working steadily, providing a home and livelihood for his wife, and acting as the head of the family. She had no income or other means of support. The stipulation also fixed the damages, in event of recovery, at $2,000.00.

The judgment is predicated upon the family purpose automobile doctrine. Defendant contends that the facts agreed do not bring the case within the rule, first, because she was not the head of the family, and second, for the reason that she did not maintain the car.

The family purpose doctrine, which has been adopted in this state, was applied in *Jones* v. *Cook,* 90 W. Va. 710, 111 S. E. 828; *Aggleson* v. *Kendall,* 92 W. Va. 138, 114 S. E. 454; *Ambrose* v. *Young,* 100 W. Va. 452, 130 S. E. 810; *Watson* v. *Burley,* 105 W. Va. 416, 143 S. E. 95; and *Thalman* v. *Schultze,* 111 W. Va. 64, 160 S. E. 303. In *Jones* v. *Cook,* the owner of an automobile, maintained by him for the comfort, convenience, pleasure and recreation of his family, was held liable for its negligent operation by his infant stepdaughter, a member of his family, while driving the car for pleasure in company with friends. Basing its decision upon the relation of principal and agent between the owner and driver of the car, the court stated: "The doctrine of agency is not confined to merely commercial business transactions, but extends to cases where the father maintains an automobile for family use, with a general authority, express or implied, that it may be used for the comfort, convenience, pleasure and entertainment or outdoor recreation of members of the owner's family. * * * There are practical considerations involved to which the courts cannot close their eyes. This doctrine puts the financial responsibility of the owner behind the automobile while it is being used by a member of the family (who is likely to be financially irresponsible) in furtherance of the business and purposes for which it is maintained." In each of the cases of *Aggleson* v. *Kendall,* and *Ambrose* v. *Young,* the father, as owner of a family purpose automobile, was held liable for its negligent operation by an infant son. In *Watson* v. *Burley,* the father, as owner of a family purpose car, was held liable for its negligent operation by an adult son. In the opinion of the court it is said that a moving consideration for the adoption of the family purpose doctrine in *Jones* v. *Cook* was to place "the financial responsibility of the owner behind the automobile while it is being used by a member of the family who is likely to be financially irresponsible." In *Thalman* v. *Schultze,* title to the automobile causing the injury was in the wife. Part of the purchase price had been paid by the husband, who also paid the wages of the chauffeur driving the car at the time of the accident. Affirming a judgment against the husband and wife, the court, speaking through

Judge Haymond Maxwell, observed: "Although it appears from the evidence that the title to the automobile causing the injury complained of was in the name of Amelia Schultze (the wife), and that the license had not been transferred from Carson, it further appears that Carson, the driver, was employed and paid by J. W. Schultze (the husband), and that both Carson and the automobile were under his control, and that both the services of Carson *and the use of the automobile were for the convenience of both J. W. Schultze and his wife.* In view of these facts and circumstances, it is immaterial that the title to the car was in defendant's wife. *Penticost* v. *Massey,* 201 Ala. 261, 77 So. 675; Berry on Automobiles (6th Ed.), Vol. 2, sec. 1528. This must be so on principle, else a designing man might maintain an automobile for his family and escape liability for injury and damage caused by his chauffeur by the simple expedient of placing the title and ownership of the automobile in his wife's name."

It is not necessary, in our opinion, to the application of the family purpose doctrine, that the member of the family owning the car be the head of the household. In *Steele* v. *Age's Administrator,* 233 Ky. 714, 26 S. W. (2d) 563, the wife, as owner of a family purpose car, was held liable for its negligent operation by her son. Replying to the contention that the wife was not liable because she was not the head of the family, the court said: "We can see no difference in principle between ownership by the father and by the mother. The court is of the opinion that under the facts of this case the rule must be applied." Reaching a like conclusion in *Ficklen* v. *Heichelheim,* 49 Ga. App. 777, 176 S. E. 540, the Court of Appeals of Georgia, said: "There is no merit in the contention of the defendant that the 'family purpose doctrine' is only applicable when the family purpose automobile is owned by the father because he is the head of the family, and that such doctrine ought not to apply to the mother or to any other member of the family. There is no difference in principle between ownership by the father and by the mother." The husband and wife, as this Court has held in *Thalman* v. *Schultze,* may both be liable by reason of the ownership or maintenance of a family purpose car. The Su-

preme Court of Washington affirmed a judgment against husband and wife jointly for the negligent operation by their daughter of a family purpose car on the basis of ownership, saying: "In our opinion, the trial court did not err when it submitted the case to the jury. Proof had been introduced that appellants owned a Ford coupe, and that, at the time of the accident, it was being driven by their daughter, a member of their household. In our opinion, appellants fail to show conclusively that their daughter, Margaret Dickson, did not have authority to drive their automobile. Whether she was driving the Ford coupe at the time of the accident with the consent of appellants, express or implied, was, under all the testimony in this case, a question for the jury." *Williams* v. *Dickson,* 167 Wash. 229, 8 Pac. (2d) 1087. In *Cockerham* v. *Potts,* 143 Ore. 80, 20 Pac. (2d) 423, the husband and wife, as joint owners of a family purpose car, were held liable for its negligent operation by their adult daughter. The opinion of the case states: "While Miss Lorett (the daughter) was of the age of majority, she was nevertheless, and as the jury had the right to determine, a member of the Lorett family and the agent of her parents, and the owners of the car liable for her management thereof for the convenience of the Lorett family. Mr. Lorett did not drive the car; Mrs. Lorett drove it occasionally."

The courts are not only divided in recognizing the family purpose doctrine, but those accepting the rule disagree upon its application to the particular case. There seems to be, however, unanimity in the holdings that the rule will not apply unless the use of the automobile at the time of the injury is within the "family purpose" of furnishing comfort, convenience, pleasure and recreation to the members of the household. (Many pertinent cases are annotated and analyzed in 5 A. L. R. 232, 10 A. L. R. 1452, 14 A. L. R. 1088, 19 A. L. R. 390, 20 A. L. R. 1471, 32 A. L. R. 1510, 64 A. L. R. 844, and 88 A. L. R. 601.) In *Kennedy* v. *Wolf,* 221 Ky. 111, 298 S. W. 188, recovery was sought against a husband and wife for negligent operation by the former of an automobile owned by the latter. He, after delivering her daughter at school, was driving the

car to his place of business when the accident occurred. The court, in deciding that the wife was not liable, said: "In this case, up to the time the husband delivered the wife's child to her school, it might be reasonably contended that he was engaged in her business; but the accident in question occurred $3\frac{1}{2}$ hours thereafter, and at a time when he undeniably was engaged in his own business, and in going to his place of business. There is no justifiable argument that, when this accident occurred, he was engaged in his wife's affairs, or that he in any sense was her agent, chauffeur, or servant in the transaction of her business. After delivering her child at the school, he went to another section of the city, and on business with which his wife had no connection, and of which she had no knowledge, and after transacting that business he started to another part of the city in the prosecution of his own individual business, with which she had no connection, and in which she had no interest, other than the incidental interest that every wife has in the success of her husband's business." Liability against a wife was denied in *Sundock* v. *Pittman,* 165 Tenn. 17, 52 S. W. (2d) 155, for negligent operation by her husband of an automobile which he had bought and given her. She did not drive the car, but permitted him to use it. He supported himself and wife, and presumably furnished fuel and oil for the machine from the proceeds of a business to which he was driving at the time of the accident. *Cewe* v. *Schuminski,* 182 Minn. 126, 233 N. W. 805, involved an accident resulting from the negligent operation by a husband of an automobile (which he had caused to be registered in his wife's name) while returning from an overnight visit to a roadhouse. In denying recovery against the wife, the court said: "Putting aside the circumstances that defendant was not the head of her family (see *Morken* v. *St. Pierre,* 147 Minn. 106, 179 N. W. 681, 180 N. W. 215, and *Turner* v. *Gackle,* 168 Minn. 514, 209 N. W. 626), it remains that she had nothing to do with providing the automobile or maintaining it for family use. There is no evidence that she possessed or claimed any right of use or control independently of her husband. The family automobile rule is an application of one of agency, respondeat superior. It has been extended

to unusual limits. 6 Minn. Law Rev. 79. But none of the cases furnish any justification for further extending it so as to impose liability upon a wife upon the sole ground that legal title of the car was placed in her by her husband.''

''Liability will not be incurred under the family purpose doctrine if the car supplied by the owner for the pleasure of the family is being operated at the time of an accident for a purpose other than that for which it is provided.'' 2 Blashfield Cyc. Automobile Law, page 1479.

Since under modern statutes neither the husband nor wife is liable for the torts of the other solely because of the marital relation, we see no reason for observing a difference in their liability under the family purpose doctrine. As defendant owned the car which was kept and used by herself and husband for their pleasure, comfort, convenience and recreation, and the injury complained of was caused by his negligent operation thereof for the purpose for which it was provided, we have concluded that the case falls within the family car doctrine.

The judgment is therefore affirmed.

*Affirmed.*