JUNE MARIE EAGON, *an Infant, etc. v.* HERBERT WOOLARD
*et al.*

(CC 630)

Submitted September 10, 1940.  Decided October 22, 1940.

*Clay D. Hammond* and *John C. Southern,* for plaintiff.
*Stathers, Stathers & Cantrall,* for defendants.

Fox, JUDGE:

The plaintiff, June Marie Eagon, an infant, was injured in an automobile accident in Doddridge County on the 20th day of May, 1939, and prosecutes this action in the Circuit Court of Harrison County against Herbert Woolard, the owner of the automobile in which she was riding, his son, Herbert Woolard, Jr., and Elmer G. Brake, to re-

cover damages for her injuries. The Woolards filed separate demurrers to the declaration, which were sustained by the court, and the questions arising thereon are certified to this Court for decision.

From the allegations in the declaration we find that the automobile involved was owned by Herbert Woolard; that on the day of the accident Herbert Woolard, Jr., was permitted to use the automoble, and that he invited the plainiff and Brake to ride therein as his guests; that Brake was operating it at the time of the injury complained of, and that such injury was caused by his negligent operation thereof. It is alleged that Herbert Woolard, Jr., was the agent of the owner, and that when Brake was requested and permitted by him to operate the automobile, he, Brake, became the agent of both the owner and Herbert Woolard, Jr., by reason whereof liability for the injuries sustained by the plaintiff attached to all of the defendants.

A number of questions involving the form of the declaration are raised. It is argued that the declaration fails to set out with sufficient clearness the alleged agency of Brake, and fails to allege a state of facts which would make Herbert Woolard, Jr., liable for the alleged negligent acts of Brake. It is contended that the younger Woolard, being an infant, as appears from the record although not from the declaration, could only be held liable for a tort committed by him personally or under his express direction, and that the declaration fails to allege a situation under which such liablity could arise; it is further contended that burden is on the plaintiff to show that she was not guilty of contributory negligence; and, generally, that the declaration fails to state a case of liability against the owner of the automobile under the family purpose doctrine.

We think the declaration is sufficient to acquaint the defendants with the nature of the claim against them. While negligence is alleged in general terms, we have been cited to no authority which would warrant us in sustaining the demurrer for that reason. If good grounds be shown therefor, defendants would be entitled to a bill of

particulars under Code, 56-4-19. We think also that the declaration states a case against Herbert Woolard, Jr., because it alleges that the automobile was operated by Brake "under the management, supervision and control of the defendant, Herbert Woolard, Jr." The management, supervision and control imply direction of the manner in which the automobile was operated. We do not think it was necessary for the plaintiff to aver her lack of contributory negligence. The rule is that if the declaration on its face shows probability of contributory negligence on her part, it would be her duty to negative that probability, but as we read the declaration we find nothing therein from which contributory negligence on the part of the plaintiff can be deduced or presumed, as was the case as applied to evidence, in *Browning* v. *Tolley,* 111 W. Va. 548, 163 S. E. 10.

We now come to the question of whether or not, under the allegations of the declaration, there is liablity on Herbert Woolard, the owner of the automobile involved in the accident. We think the declaration clearly states a case coming within what is known as the family purpose doctrine, had the automobile been operated by Herbert Woolard, Jr., the son of the owner. While the courts are divided on the wisdom of the family purpose doctrine, it is well established in this state by the decisions of this Court. *Jones* v. *Cook,* 90 W. Va. 710, 111 S. E. 828; *Aggleson* v. *Kendall,* 92 W. Va. 138, 114 S. E. 454; *Ambrose* v. *Young,* 100 W. Va. 452, 130 S. E. 810; *Watson* v. *Burley,* 105 W. Va. 416, 143 S. E. 95, 64 A. L. R. 839; *Thalman* v. *Schultze,* 111 W. Va. 64, 160 S. E. 303; *Wyant* v. *Phillips,* 116 W. Va. 207, 179 S. E. 303. We think it is a wholesome doctrine and are not disposed to depart therefrom. The cases cited thereon relate to liability occasioned by use of an automobile by members of the owner's family, and none of them covers the case now presented. The question, therefore, is whether or not the family purpose doctrine shall now be held to impose liability upon the owner of an automobile for the negligence of a third person who

operates the same at the request of and under the direction and supervision of a member of the owner's family.

The liability of the owner of an automobile for its negligent use by members of his family is, in this jurisdiction, based upon the theory of agency. It is assumed first that the owner purchases the automobile for a family purpose, and that when he permits the use thereof by members of his family for their pleasure and recreation, those who use the car are the agents of the owner in furtherance of his original purpose. In this state we do not accept the doctrine that the automobile is a dangerous instrumentality. *Jones* v. *Cook, supra.* The agency basis of liability is said to involve a legal fiction which many courts think unsound, believing it to be an unwarranted extension of the law of agency, and an extension which, if advisable, should only be made by statute. Judge Poffenbarger in his dissenting opinion in *Jones* v. *Cook* held this view. The doctrine being based, as some contend, upon a legal fiction and not upon any logical extension of the law governing agency, it is suggested that we are free to set such bounds thereto as will, in our judgment, do justice, and there is much force in this position.

On the other hand, accepting the family purpose doctrine as firmly established in this state, we must give to it a reasonable application. It would, indeed, be a narrow construction of this doctrine to impose liability on the owner of an automobile when negligently operated by a member of his family, and then to say that if the person to whom the control of the automobile had been thus committed, requested and directed some third party to operate the same in his presence, the liability of the owner should instantly cease. This, we think, is the position which the defendants below who demurred to the declaration, must necessarily take, and we do not think it sound. We are deciding this case upon the allegations of the declaration, and are confining our holding strictly to the case stated therein. The declaration alleges the ownership of the car by Herbert Woolard, and that it was maintained by him for the use, comfort, conven-

ience, pleasure, entertainment and recreation of himself and the members of his family; that he permitted his son, Herbert Woolard, Jr., to use the same for his pleasure, convenience, entertainment and recreation; that on the day of the accident his son was in possession of the automobile with the knowledge and consent of the owner; that Herbert Woolard, Jr., invited the plaintiff and Elmer G. Brake to ride with him in said automobile, and that they became passengers therein upon such invitation; that while in full control, management, and direction of the automobile, Herbert Woolard, Jr., "directed and appointed" Brake to drive and operate the same; and that while Woolard was still riding in, and in full control, management and direction of said automoble, and the said Brake driving and operating the same with his consent, Brake improperly, carelessly, recklessly, and negligently drove and operated the automobile in such manner as to cause the injuries complained of. We are of the opinion that the declaration states a case of legal liability against Herbert Woolard, the owner of the automobile, under the family purpose doctrine. Clearly, under that doctrine, had the car been physically operated by his son he would have been liable, and as, under the allegations of the declaration the son was, in legal effect, in control of the automobile at all times, the liability of the owner did not cease. The mere physical act of the operation of the automobile is not, in our opinion, controlling. We base our decision upon the allegation of supervision and control of the car by the son of the owner.

The following cases from other jurisdictions, we think, sustain this conclusion: *Thixton* v. *Palmer,* 210 Ky. 838, 276 S. W. 971, 44 A. L. R. 1379; *Kayser* v. *Van Nest,* 125 Minn. 277, 146 N. W. 1091, 51 L. R. A. (N.S.) 970; *Wells* v. *Lockhart,* 258 Ky. 698, 81 S. W. (2d) 5; *King* v. *Cann,* 184 Wash. 554, 52 Pac. (2d) 900; *Schreder* v. *Litchy,* 190 Minn. 264, 251 N. W. 513; *Goss* v. *Williams,* 196 N. C. 213, 145 S. E. 169; *Grant* v. *Knepper,* 245 N. Y. 158, 156 N. E. 650, 54 A. L. R. 845; *Ulman* v. *Linderman,* 44 N. D. 36, 176 N. W.

25, 10 A. L. R. 1440. See also 5 Amer. Jur. 704, Sections 364-5.

Attempts are made to distinguish some, if not all, of these cases from the case at bar, and it is fair to say such distinction can be made. However, running through all of them is the general principle that liability of the owner still continues where an automobile is operated under the supervision and control of a member of his family. The case of *Grant* v. *Knepper* was based upon a New York statute, but the argument therein independently of the statute, citing the *Thixton, Kayser* and *Ulman* cases, sustains our conclusion.

We are not unmindful of the strength of the arguments presented in support of the contrary view in cases such as *Turoff* v. *Burch,* 60 App. D. C. 221, 50 Fed. (2d) 986, but a reading of that case, along with other cases holding to the principle therein announced, will disclose the fact that the underlying ground of attack is upon the family purpose doctrine rather than the particular point at issue in the case at bar. The case of *Hackley* v. *Robey,* 170 Va. 55, 195 S. E. 689, is a direct repudiation of the family purpose doctrine.

The order of the Circuit Court of Harrison County sustaining the demurrer of Herbert Woolard and Herbert Woolard, Jr., to plaintiff's declaration, is reversed and the case remanded.

*Reversed and remanded.*