LINDA DUNIGAN FREELAND, AN INFANT, ETC., BY HER
FATHER, AND NEXT FRIEND, ANDY DUNIGAN, ANDY
DUNIGAN AND MARY JANE DUNIGAN

*v.*

GERALD FREELAND AND JOSEPH RICHARD FREELAND

(CC 875)

Submitted April 23, 1968.     Decided September 10, 1968.

*Gary K. Rymer,* for plaintiffs.

*Furbee, Amos, Webb & Critchfield, Russell L. Furbee, Richard L. Douglas,* for defendants.

CAPLAN, JUDGE:

In this civil action instituted in the Circuit Court of Marion County, plaintiff Linda Dunigan Freeland seeks to recover damages for personal injuries sustained by her in an automobile collision. Plaintiff Andy Dunigan who brought this action as next friend of his daughter, Linda, together with his wife, Mary Jane Dunigan, also sought to recover a money judgment for medical expenses said to have been incurred by them by reason of said accident. The defendants in this action are Joseph Richard Freeland and Gerald Freeland, the former being the unemancipated minor son of the latter and the driver of the automobile involved in the collision. Gerald Freeland was the owner of the automobile. The plaintiffs seek to recover damages upon the allegation that Linda was injured while a passenger in the Freeland automobile, contending that said injuries and expenses were caused and incurred as the result of the negligence of the driver, Joseph Richard Freeland.

The defendants filed their motion for judgment on the pleadings, insofar as the claim of Linda Dunigan Freeland is concerned, on the grounds that she cannot recover against defendant Joseph Richard Freeland for the reason that their marriage extinguished all rights of action for an antenuptial tort. It is further urged by motion that Linda Dunigan Freeland cannot recover against defendant Gerald Freeland for the reason that the dismissal of defendant Joseph Richard Freeland bars such recovery.

The court, by order entered on January 25, 1968, rendered judgment in favor of both defendants insofar as the claim of plaintiff Linda Dunigan Freeland is concerned. Thereupon, on its own motion and upon application of the plaintiffs, the court certified the following questions to this Court:

"1. Is the owner of an automobile liable under the family purpose doctrine for personal injuries sustained by a guest passenger as the result of the negligent operation of the automobile by an unemancipated minor son of the owner, even though the son operating the automobile, because of his subsequent marriage to the injured guest passenger, enjoys immunity from action by the guest.

"2. Does the immunity from action as between husband and wife for antenuptial torts extend to and bar such action as disruptive of marital harmony between the owner of a family purpose automobile and his daughter-in-law who, while riding as a guest passenger in said automobile, sustains personal injuries as the result of the negligent operation of the automobile by the owner's unemancipated minor son who subsequently marries the injured guest."

Giving rise to this cause of action was an automobile collision which occurred on or about December 5, 1965 on U. S. Route 250 near the City of Mannington in Marion County, West Virginia. It is alleged in the plaintiffs' complaint that when the accident occurred defendant Joseph Richard Freeland was operating an automobile owned by his father, defendant Gerald Freeland, with the latter's knowledge and consent, as his agent, servant and employee and as a member of his family. It is further alleged that Linda Dunigan Freeland was a guest passenger in the automobile at the time of the collision and that due to the negligence of defendant Joseph Richard Freeland and as the direct and proximate result of such negligence she received and suffered severe and permanent injuries. As a consequence, Linda Dunigan Freeland seeks a judgment in the sum of $30,000 and plaintiffs Andy Dunigan and Mary Jane Dunigan, her parents, seek $5,000 as reimbursement for hospital and medical expenses.

It is established by a certified copy of a marriage license attached as Exhibit A to the answer of the defendants that Joseph Richard Freeland and Linda Jane Dunigan, now Linda Dunigan Freeland, were married to each other on March 18, 1966. The marriage license shows that both were minors, Joseph then being nineteen and Linda eighteen years of age. The complaint recites that they reside with their respective parents.

The defendants take the position that by reason of said marriage Joseph Richard Freeland is immune from suit by his wife for an antenuptial tort. Likewise the defendants assert, the owner of the automobile, defendant Gerald Freeland, being the father of the defendant driver and the father-in-law of the plaintiff passenger, is immune from suit. They say such action is precluded as being disruptive of marital harmony. Basically, the question presented for decision in this case is whether the immunity from suit, which exists between husband and wife and between an unemancipated infant and his parent, extends to a daughter-in-law father-in-law relationship.

As evidenced by the questions certified to this Court, our concern here is to determine whether or not defendant Gerald Freeland is liable for the injuries sustained by plaintiff Linda Dunigan Freeland while she was a passenger in an automobile owned by him and operated by his unemancipated minor son, who, since the collision, was married to said plaintiff.

Under what has come to be known as the family purpose doctrine, the owner of an automobile is liable to a guest passenger for injuries sustained as the result of the negligent operation of the automobile by a member of said owner's family. The family purpose doctrine is firmly entrenched in the jurisprudence of our state. *Eagon* v. *Woolard,* 122 W. Va. 565, 11 S. E. 2d 257, 134 A. L. R. 970; *Wyant* v. *Phillips,* 116 W. Va. 207, 179 S. E. 303; *Ambrose* v. *Young,* 100 W. Va. 452, 130 S. E. 810; *Aggleson* v. *Kendall,* 92 W. Va. 138, 114 S. E. 454; *Jones* v. *Cook,* 90 W. Va. 710, 111 S. E. 828. See also *Buffa* v. *Baumgartner,* 133 W. Va. 758, 58

S. E. 2d 270. See 2 M. J., Automobiles, Section 53 and 60 C. J. S., Motor Vehicles, Section 433.

Liability, under this doctrine, is not based on the existence of a family relationship or on the fact that the vehicle was entrusted to a minor. Rather, the family purpose doctrine is founded on the principles of the law of agency or of master and servant. Where one purchases and maintains an automobile for the comfort, convenience, pleasure, entertainment and recreation of his family, any member thereof operating the automobile will be regarded as an agent or servant of the owner, and such owner will be held liable in damages for injuries sustained by a third person by reason of the negligent operation of the vehicle by such agent or servant. The family member is carrying out the purpose for which the automobile was provided. Were not liability incurred by the owner of the automobile in such circumstances, an innocent victim of the negligence of a financially irresponsible driver would be entirely without recourse. This could not be condoned.

In *Jones* v. *Cook*, 90 W. Va. 710, 111 S. E. 828, the Court said: "The doctrine of agency is not confined to merely commercial business transactions, but extends to cases where the father maintains an automobile for family use, with a general authority, expressed or implied, that it may be used for the comfort, convenience, pleasure, and entertainment or outdoor recreation of members of the owner's family. * * * There are practical considerations involved to which courts can not close their eyes. This doctrine puts the financial responsibility of the owner behind the automobile while it is being used by a member of the family (who is likely to be financially irresponsible), in furtherance of the business and purposes for which it is maintained." From the reasoning employed in the *Jones* case, *supra,* as noted in *Watson* v. *Burley,* 105 W. Va. 416, 143 S. E. 95, it is evident that the Court will require the owner of an automobile to be financially responsible for the operation of such automobile by a member of his family. In the latter case the owner was liable even though the member of his family

operating the vehicle was an adult. Public policy requires financial responsibility from one who permits his automoble to be used for its intended purpose. Justice demands such responsibility—lest an innocent victim be left remediless.

Thus, we base the liability of the owner of a vehicle maintained for family use on the principles of agency or master and servant. The agent, under the family purpose doctrine, is acting for his principal in the furtherance of the principal's purpose. The act of the agent or servant is the act of the principal or master. Where the servant is guilty of a tortious act, both he and his master are primarily liable. If, by reason of family immunity, the servant cannot be sued, the master is not necessarily relieved of liability. The tortious act remains; only the remedy against the servant is denied. This does not destroy the right of action against the master, who, in the principal case, is the owner of the vehicle, Gerald Freeland. See *Smith* v. *Smith*, 116 W. Va. 230, 179 S. E. 812, wherein the court said: "* * * the trespass, whether negligent or wilful, does not cease to be an unlawful act, by reason of such immunity. * * * the right of action against the principal is separate from that of the act of the agent, and if the act was negligent, the principal is liable although the agent may not, under the law, be held accountable." See also *Schubert* v. *August Schubert Wagon Co.*, 249 N. Y. 253, 164 N. E. 42, 64 A. L. R. 293; *Pittsley* v. *David*, 298 Mass. 552, 11 N. E. 2d 461; *McLaurin* v. *McLaurin Furniture Co.*, 166 Miss. 180, 146 So. 877; and *Kowaleski* v. *Kowaleski*, 227 Or. 45, 361 P 2d 64, 1 A. L. R. 3d 666.

The defendants rely on the decision handed down by this Court in *Willigerod* v. *Sharajabadi*, 151 W. Va. 995, 158 S. E. 2d 175, for the proposition that where the servant is acquitted of the charge of negligence the master cannot be held liable. We reaffirm that legal proposition but hold that it has no application to the instant case. Here there has been no adjudication of the guilt or innocence of the servant, Joseph Richard Freeland, in relation to his alleged negligence in the operation of the subject vehicle. If he is

adjudged innocent of the charge of negligence then there is no tort and neither he nor his master would be liable. However, should he be found to have been guilty of negligence in the operation of the automobile and that such negligence was the proximate cause of the injuries suffered by plaintiff Linda Dunigan Freeland, then, as noted above, his immunity from suit by reason of his subsequent marriage to Linda would not relieve Gerald Freeland, the owner of the family car, from liability.

In view of the foregoing, the first question certified to this Court is answered in the affirmative.

The next and final question to be resolved in this proceeding is whether or not defendant Gerald Freeland is immune from suit by plaintiff Linda Dunigan Freeland by reason of their father-in-law and daughter-in-law relationship. This Court has adhered to the doctrine of parental immunity which prevents an unemancipated child from suing his parent for an injury received as a result of such parent's negligence. *Groves* v. *Groves,* 152 W. Va. 1, 158 S. E. 2d 710; *Securo* v. *Securo,* 110 W. Va. 1, 156 S. E. 750. Similarly, immunity from suit has been extended to the husband-wife relationship. *Campbell* v. *Campbell,* 145 W. Va. 245, 114 S. E. 2d 406, *Poling* v. *Poling,* 116 W. Va. 187, 179 S. E. 604.

The basis of this immunity rule is the preservation of family harmony. It has been applied by this Court only to the relationships of parent and child and husband and wife. The great weight of authority refuses to extend immunity from suit to other family relationships. It was held in *Midkiff* v. *Midkiff,* 201 Va. 829, 113 S. E. 2d 875, 81 A. L. R. 2d 1150, that an unemancipated infant may maintain an action against his unemancipated infant brother for bodily injuries resulting from the brother's act of negligence. See annotation, 81 A. L. R. 2d 1155. See also *Rozell* v. *Rozell,* 281 N. Y. 106, 22 N. E. 2d 254, 123 A. L. R. 1015; *Overlock* v. *Ruedemann,* 147 Conn. 649, 165 A 2d 335; *Detwiler* v. *Detwiler,* 162 Pa. Super. 383, 57 A 2d 426, and *Emery* v. *Emery,* 45 Cal. 2d 421, 289 P 2d 218.

The general rule is that one is liable for his tortious act, immunity from such liability being the exception. *Adkins* v. *St. Francis Hospital,* 149 W. Va. 705, 143 S. E. 2d 154; *President and Directors of Georgetown College* v. *Hughes,* 76 U. S. App. D. C. 123, 130 F. 2d 810. We adhere to this general rule and are in agreement with the clear weight of authority which restricts the immunity from suit to the parent-child and husband-wife relationships. The relationship between the parties in the instant case, that of daughter-in-law and father-in-law, is not pertinent to marital harmony; nor is it relevant in the consideration of parental discipline and control. The family of Linda Dunigan Freeland is separate and distinct from that of Gerald Freeland.

Thus, it becomes evident that the reasons for the immunity from suit rule do not exist in the instant case. As stated in *Lusk* v. *Lusk,* 113 W. Va. 17, 166 S. E. 538: "* * * when the reason for a rule ceases the rule itself ceases (*cessante ratione legis cessat ipsa lex.*)" See *Morgan* v. *Leuck,* 137 W. Va. 546, 72 S. E. 2d 825. Therefore, the second certified question must be answered in the negative.

In view of our rulings on the questions certified, we affirm the action of the Circuit Court of Marion County wherein that court rendered judgment in favor of the defendant, Joseph Richard Freeland, but reverse the court wherein judgment in favor of defendant Gerald Freeland was rendered.

> *Affirmed in part,*
> *reversed in part and*
> *remanded.*