## CHARLESTON.

W. H. Sheppard *v.* Farmers Mutual Fire Association of West Virginia

(No. 6233)

Submitted October 9, 1928. Decided October 16, 1928.

*H. H. Rose*, for plaintiff in error.

*Brown & McIntire*, and *Lewis H. Miller*, for defendant in error.

LIVELY, PRESIDENT:

The Farmers' Mutual Fire Association of West Virginia prosecutes this writ to a $400.00 judgment obtained by W. H. Sheppard in an action of a notice of motion for judgment on an insurance policy, heard by the trial court in lieu of a jury upon an agreed statement of facts.

From the agreed statement of facts it appears that by a policy issued on April 18, 1923, and extending to April 18, 1926, the defendant association, in consideration of $3.00 ($2.00 of which being a membership fee, and twenty-five cents for each hundred dollars of insurance), and the payment of such further premiums as should be assessed by the directors of the company, insured the plaintiff's barn in Jackson county, for the sum of $400.00.

In 1924, the plaintiff Sheppard paid the assessment levied for that year by the board of directors. In 1925, a premium of $1.52 was assessed against the plaintiff's policy, and notice thereof was duly sent to him by mail at his last known address in North Carolina. In October, 1925, a like notice was sent to him in the same manner. The plaintiff did not receive these notices. Neither of the letters was returned to the association. At the expiration of sixty days from July 1, 1925, the plaintiff's policy was marked ''cancelled'' on the books and records of the association by its secretary, and has since been so carried. Owing to this latter fact, no assessment was made against plaintiff's policy in 1926 and 1927, and no notice of any assessments for these years was sent to him.

On or before April 18, 1926, there was sent to the plaintiff

from the association's office two copies of a renewal supplement bearing the printed signatures of the president and secretary of the association, with the printed request that if the plaintiff desired to renew his policy he should sign both copies of the renewal supplement, retain one and send the other to the association. This the plaintiff did. The copy of the renewal supplement when received by the defendant association was filed in its proper place by its clerical force. However, the previous memorandum of cancellation was not changed. The renewal supplement was as follows:

> "Farmers Mutual Fire Association of West Virginia, in consideration of the membership fee and premium already paid to the Association by the above named policy holder, and the insured's original application and policy in the Association, and in conformity with Article 7 of the Constitution of the Association, does hereby continue in force the said policy from noon on the 18th day of Apr. 1926, to the 18 day of Apr. 1929, at twelve o'clock noon."

The plaintiff paid no consideration for the renewal supplement except the payments recited in the original policy. The renewal was sent out to the plaintiff through the error of a clerical assistant of the secretary acting within the scope of his employment. It covers the same property embraced in the original policy, and purports to insure upon the same terms and conditions. On July 10th, 1927, the property covered by the policy was destroyed by fire, and upon refusal of the company to pay for his loss, the plaintiff instituted this action.

The determination of this controversy depends upon the answer to this question: What was the effect of the renewal supplement?

Article 9 of the constitution and by-laws of the defendant association provides: "Any policy issued by the association may at the expiration of three years from the date of said policy, be renewed for an additional three years, subject to the approval of the executive committee, without payment of additional membership fee or premium by the insured." The

courts differ as to the effect of a renewal contract. Some of them hold that it constitutes a new contract between the parties, while others say that it is simply a continuation of the old one. Cooley's Briefs on Insurance, Vol. 2, (2nd ed.), page 1406. In *Sheppard* v. *Insurance Company,* 21 W. Va. 368, 382, it was said: "When a policy of insurance is renewed or continued in force by a subsequent contract, it differs from a new contract of insurance, for by it the original contract is kept up, and in case of loss the original policy is the basis of the action, in connection with the contract of renewal or continuance. If changes in any of the terms, or any other change is intended to be made at the time of such renewal or continuance of a policy, it can be properly done without changing the wording of the original policy, by simply expressing the change agreed on in the renewal receipt." In *National L., etc., Ins. Co.* v. *Lokey,* 166 Ala. 174, 184, 52 So. 45, the court held: "The renewal of a policy of insurance, without more, does not change the terms and conditions of the policy, but merely continues them in force. The rights of the parties are still determined by the provisions of the original policy, no matter how often it may have been renewed. Its terms are neither enlarged, restricted, nor changed." And in *Aetna Insurance Company* v. *Short,* 124 Ark. 505, 510, 187 S. W. 657, it was said: "A renewal of a policy is, unless otherwise expressed, on the same terms and conditions as were contained in the original policy. * * * * The terms of the policy are neither enlarged, restricted or changed by the renewal but the rights of both parties, no matter how often a policy of insurance may have been renewed, are still bound by the provisions of the policy as originally issued." It is quite clear that where a contract is renewed under the authority and circumstances stated in the instant case, covering the same property and under the same terms and conditions as those contained in the original policy, the parties are governed and controlled by the provisions and conditions of the original policy.

It being determined then, that the parties are bound by the provisions in the original contract, it becomes necessary to inquire into the status of the plaintiff under that instrument.

It is apparent that the plaintiff was chargeable with notice of the 1925 assessment whether it was received by him or not. He was in default as to that assessment. But that fact alone, even at the expiration of the sixty day period allowed for payment would not result in a cancellation of his policy. The policy provides that unless cancelled the plaintiff could, during its duration, by the payment of the back assessments, be reinstated in good standing in the association. The failure to pay this premium *ipso facto* resulted in a suspension of his rights under the policy (Vol. 4, Cooley's Briefs on Insurance, [2nd ed.], page 3685); but did not result in a cancellation thereof. It is true that, according to the agreed statement of facts, the secretary of the company after the expiration of the sixty day period allowed for payment of this assessment, marked the policy "cancelled", and it was so carried upon the books of the company. But under the policy and the by-laws of the association the secretary was not authorized to cancel the policy, acting as such. The action must have been taken by the board of directors. The record does not show that this policy was so cancelled. The defendant company took the position that the policy having been cancelled, no further notice of assessments need be sent to the plaintiff; but that course of action could not, of course, determine the plaintiff's rights thereunder. Plaintiff could, under the terms of the original policy, at any time before the expiration thereof, and before a loss thereunder, pay the delinquent assessments and be restored to his rights. This was the situation on April 18, 1926, when the renewal supplement was sent to the plaintiff. Granting that the renewal supplement was properly issued, it conferred upon the plaintiff no greater rights than did the original policy, except the time within which he was entitled to be restored to his privileges under the policy was extended from the expiration of the original policy for a further period of three years. The supplement merely extended the life of the original policy for a period of three years, subject to all of its provisions and conditions. It has been argued that if this position should be taken, then the defendant association was required to send the plaintiff notice of the 1927 assessment. It is probably true that the

standing of the insurance company would have been better if this had been done. But even if the plaintiff had paid the 1927 assessment, notice of which was not sent to him, yet the further duty was imposed upon him of paying the premium for 1925. Until he had done this, his rights under the policy were suspended.

The plaintiff also contends that the defendant by its action in sending out the renewal is estopped from interposing as a defense, plaintiff's failure to pay the 1925 assessment, or the later assessments. We are unable to see that the defendant association has by its action in issuing the renewal supplement lulled the plaintiff into a sense of false security. The renewal supplement did not operate as a waiver of the premiums then due upon the original policy; it merely extended the time in which payment could be made. Plaintiff could not reasonably expect his right to recover under his policy to be fully protected by his payment of the 1924 assessment. He knew that his contract was mutual in its character; that the association existed only for the mutual protection of the property of its members, and that its assessments were for that purpose and not for corporate profit. Its existence for his protection depended upon payment of its assessments. In spite of this fact the plaintiff made no inquiry as to the levying of additional assessments, which would to any reasonable man have been required for the maintenance of such a mutual fire insurance company. We are unable to see that the doctrine of estoppel has any application to the instant case.

The judgment of the trial court will be reversed and judgment entered here for the defendant.

*Reversed; judgment here for defendant.*