**Daniel F. McKENZIE and Arlene McKenzie, his wife, Plaintiffs,**

v.

**FEDERAL MUTUAL INSURANCE COMPANY, a corporation, Defendant.**

**Civ. A. No. 71-156.**

United States District Court, S. D. West Virginia, Charleston Division.

May 19, 1975.

E. V. Morton, Jr., Webster Springs, W. Va., for plaintiffs.

Carl F. Stucky, Jr., Charleston, W. Va., for defendant.

## MEMORANDUM ORDER

K. K. HALL, District Judge.

This declaratory judgment action, commenced in the Circuit Court of Webster County, West Virginia, and removed to this Court by defendant, has been submitted for decision on the record, including stipulations of fact by attorneys for the parties. The action seeks a declaration of the rights of the parties under an automobile liability insurance policy issued by defendant to plaintiffs. Jurisdiction is based on diversity of citizenship and amount in controversy. 28 U.S.C. § 1332. The declaratory judgment proceedings are authorized by 28 U.S.C. §§ 2201, 2202. The substantive law of the state of West Virginia relating to contracts, including automobile liability insurance policies, will be controlling. Tulley v. State Farm Automobile Insurance Co., 345 F.Supp. 1123, 1130 (S. D.W.Va.1972).

The relevant facts are few and basic. Plaintiff, Arlene McKenzie, as owner of an automobile, was covered by an automobile liability insurance policy issued by defendant on July 13, 1966. The policy is identified throughout as Policy No. R817 707. On October 5, 1966, she signed a restrictive endorsement on the policy excluding her son, Paul McKenzie, then age 23 years, from coverage under the policy. The endorsement reads as follows:

### EXCLUSION OF NAMED DRIVER

It is agreed that such insurance as is afforded by this policy does not apply with respect to any claim arising from accidents which occur while any automobile is being operated by Paul McKenzie.

By endorsement of October 21, 1969, plaintiff Daniel F. McKenzie, husband of plaintiff Arlene McKenzie, was included in the policy coverage. Other endorsements were added and the policy was renewed at six-month intervals, but no change was made in the basic policy and in the restrictive endorsement excluding Paul McKenzie from coverage.

On May 3, 1971, while the insurance policy was in effect, Paul McKenzie, driving an automobile owned by and so insured in the name of Arlene McKenzie, is alleged to have hit and killed a child, Ricky Dean Casto, in a highway accident. A wrongful death action was instituted in the Circuit Court of Webster County, West Virginia, by Texanna Casto, administratrix of the estate of Ricky Dean Casto, against Arlene McKenzie and Paul Delmas McKenzie. Federal Mutual Insurance Company declined to recognize liability insurance coverage and to provide defense for the defendants in the wrongful death action. The insureds, Daniel F. McKenzie and Arlene McKenzie, thereupon commenced this declaratory judgment action against the insurer to ascertain and determine legal rights and liabilities under the insurance policy here involved.

The complaint in the wrongful death action, made a part of the record in this action, alleges that "Arlene McKenzie was the owner of a certain motor vehicle

which she maintained as a family purpose vehicle; and defendant Paul Delmas McKenzie, the son of defendant Arlene McKenzie, and a member of her family on that date, operated said vehicle in a negligent and careless manner  and in violation of the traffic laws of the State of West Virginia," resulting in the highway death of Ricky Dean Casto.  This allegation brings into focus the West Virginia family purpose doctrine, explained in Freeland v. Freeland, 152 W. Va. 332, 335–336, 162 S.E.2d 922, 925 (1968), in the following language:

> Under what has come to be known as the family purpose doctrine, the owner of an automobile is liable to a guest passenger for injuries sustained as the result of the negligent operation of the automobile by a member of said owner's family.  The family purpose doctrine is firmly entrenched in the jurisprudence of our state. . . .

> Liability, under this doctrine, is not based on the existence of a family relationship or on the fact that the vehicle was entrusted to a minor.  Rather, the family purpose doctrine is founded on the principles of the law of agency or of master and servant. Where one purchases and maintains an automobile for the comfort, convenience, pleasure, entertainment and recreation of his family, any member thereof operating the automobile will be regarded as an agent or servant of the owner, and such owner will be held liable in damages for injuries sustained by a third person by reason of the negligent operation of the vehicle by such agent or servant.  The family member is carrying out the purpose for which the automobile was provided. Were not liability incurred by the owner of the automobile in such circumstances, an innocent victim of the negligence of a financially irresponsible driver would be entirely without recourse.  This could not be condoned.

■■ Before the Court is the issue whether the "firmly entrenched" West Virginia family purpose doctrine will prevail over a clear and explicit contractual agreement in the insurance policy excluding insurance liability "with respect to any claim arising from accidents which occur while any automobile is being operated by Paul McKenzie," son and family member of the insureds.

The West Virginia Code, § 33–6–30, at the time the policy was written and now, provides in pertinent part:

> Construction of policies.  Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any rider, endorsement, or application attached to and made a part of the policy:  . . ..

The restrictive endorsement signed by plaintiff Arlene McKenzie was a part of the insurance contract when coverage was extended to plaintiff Daniel F. McKenzie.  Renewals of the policy renewed the contract terms.  Sheppard v. Farmers Mutual Fire Association, 106 W.Va. 177, 145 S.E. 181 (1928); 2 Long, Law of Liability Insurance, § 16.17 (1974); 43 Am.Jur.2d, Insurance, § 384 (1969). The language of the restrictive endorsement excluding the son from coverage is clear and unambiguous.  It requires no judicial interpretation or construction. In Lewis v. Dils Motor Co., 148 W.Va. 515, 135 S.E.2d 597 (1964), the Supreme Court of Appeals of West Virginia held, in point 3 of the case syllabus, that

> Language of an insurance contract which is clear and unambiguous cannot be construed or interpreted by a court but must be applied in accordance with the intent expressed therein.

Sehon, Stevenson & Company v. Buckeye Union Insurance Co., 298 F.Supp. 1168 (S.D.W.Va.1969), is a prior decision of this Court dealing with clear and unambiguous language in an exclusionary clause in an insurance policy.  The excluding endorsement is not prohibited by public policy or any law of West Virginia.  In 1966, when the insurance policy was issued and when the exclusion endorsement was signed by Arlene Mc-

Kenzie and made a part of the policy, the insured and the insurer were free to contract with reference to coverage and excluded coverage. Their manifest intentions are to be respected and accorded meaning. 7 Am.Jur.2d, Automobile Insurance, § 2 (1963). As stated in Lewis v. Dils Motor Co., *supra*, 148 W. Va. at page 522, 135 S.E.2d at page 601,

. . . It is not the right or province of a court to alter, pervert or destroy the clear meaning and intent of the parties as expressed in unambiguous language in their written contract or to make a new or different contract for them. . . .

The West Virginia Legislature, by Chapter 97, Acts of 1967, enacted a new section of the law relating to automobile insurance policies. West Virginia Code, § 33–6–31. Paragraph (a) of the statute specifically provides for restrictive endorsements excluding persons not to be covered by the insurance policies. That paragraph, in pertinent part, reads as follows:

(a) No policy or contract of bodily injury liability insurance, or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any motor vehicle, shall be issued or delivered in this State to the owner of such vehicle, or shall be issued or delivered by any insurer licensed in this State upon any motor vehicle for which a certificate of title has been issued by the department of motor vehicles of this State, unless it shall contain a provision insuring the named insured and any other person, *except a bailee for hire and any persons specifically excluded by any restrictive endorsement attached to the policy,* responsible for the use of or using the motor vehicle with the consent, expressed or implied, of the named insured or his spouse against liability for death or bodily injury sustained, or loss or damage occasioned within the coverage of the policy or contract as a result of

negligence in the operation or use of such vehicle by the named insured, or by such person: . . .. (Emphasis supplied.)

The specific exclusion of liability insurance coverage in this case contrasted with the omnibus clause inclusion of coverage in State Farm Mutual Automobile Insurance Co. v. Allstate Insurance Co., 154 W.Va. 448, 175 S.E.2d 478 (1970), is instructive and persuasive. Syllabus point 1 in that case is expressive of the West Virginia policy and law in this language:

The purpose of an omnibus clause in an automobile liability insurance policy being to extend coverage, in proper circumstances, to any person using the insured vehicle, and to afford greater protection to the public generally, such clause should be given a liberal construction so as to afford coverage thereunder.

Upon the entire record in the action, including the facts stipulated by the parties and in consideration of the law and arguments presented in a brief and memorandum of counsel, the Court finds, concludes and declares, in response to the language in plaintiffs' complaint, that the automobile liability insurance policy, Policy No. R817 707, with its endorsements and extensions, does not "extend coverage to any claim arising from accidents which occur while plaintiffs' automobile is being operated by their son, Paul McKenzie"; that, upon the facts and policy provisions, plaintiffs are not provided insurance coverage protection from the wrongful death action; and that defendant is not required by the policy to defend any interests of these plaintiffs in that action. Accordingly, it is so

Ordered and declared and it is further ordered that plaintiffs' motion for summary judgment or directed verdict in their favor, filed herein on December 31, 1974, be, and it is hereby, denied, and this cause is concluded and closed.