425 S.E.2d 245

Jina L. WARD, Individually, and as Next
Friend of Michael Chase Ward, an In-
fant; and Gary E. Ward, Plaintiffs Be-
low, Appellees,

v.

Alice J. BAKER; Boyce E. Baker; Rich-
ard Baker; Erie Insurance Group, A
Corporation; State Farm Mutual Auto-
mobile Insurance Company, A Corpora-
tion; and Aetna Casualty and Surety
Company, A Corporation, Defendants
Below, Appellants.

No. 21222.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 15, 1992.

Decided Dec. 18, 1992.

Stephen C. Littlepage, Hyer & Little-page, Point Pleasant, for plaintiffs.

Mark L. Garren, Garren, Plymale, Lycan & Pritt, Huntington, for defendants Alice J. Baker and Boyce E. Baker.

R. Gregory McNeer, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, for defendant State Farm Mut. Auto. Ins. Co.

James D. Lamp, Lamp, O'Dell, Bartram & Entsminger, Huntington, for defendant Erie Ins. Group.

William L. Mundy, Mundy & Adkins, Huntington, for defendant Aetna Cas. and Sur. Co.

WORKMAN, Justice:

This case is before the Court upon a December 11, 1991, order of the Circuit Court of Cabell County which certified two questions to this Court. A recitation of the facts is necessary in order to frame the issues surrounding the certified questions. On November 1, 1987, in Cabell County, West Virginia, the Plaintiff, Jina L. Ward, one of the Appellees, was involved in an accident when the Defendant, Boyce Baker, caused [1] his vehicle to collide with the 1986 Ford Escort driven by the Plaintiff. The Defendant was driving a 1981 Pontiac which was owned by his sister, Alice Baker.

Alice Baker's vehicle was insured through Erie Insurance Group (hereinafter referred to as Erie). The policy issued to Ms. Baker contained the following named driver exclusion:

NO COVERAGE WHILE NAMED PERSON IS OPERATING OR IN CHARGE OF AUTOMOBILE

. . . .

It is agreed that effective on the date this endorsement is signed by the named Insured [July 5, 1985], such insurance as is afforded by this policy or any renewal thereof for Bodily Injury Liability, for Medical Payments, for Property Damage Liability, for Comprehensive and for Col-

---

**1.** Boyce Baker's negligence is not in dispute.

lision shall not apply while any automobile is operated by or in charge by: Boyce Baker. . . .

The named driver exclusion is then signed by the Defendant Alice Baker.

At the time of the accident, Boyce Baker was driving Alice Baker's car at the request of Richard Baker (Alice and Boyce Baker's father) for the purpose of obtaining building supplies. All three Bakers resided in the same household. Richard had given his son permission to drive the car while Alice was asleep in another part of the house. Alice had provided Richard with keys to her automobile, and Boyce used his father's keys to drive Alice's vehicle. Richard Baker was not excluded under the Erie policy from driving Alice's car, and Alice had given him express permission to use her vehicle when he needed it. However, Alice had not given Boyce permission to use her vehicle and had not authorized her father to permit such usage.

As a result of the accident, the Plaintiffs filed an action against Alice and Boyce Baker alleging that Boyce was guilty of negligence in his operation of the vehicle and that Alice was liable for Boyce's actions under the family purpose doctrine. Subsequently, the Plaintiffs filed a petition for declaratory judgment, and as a result of this petition, Aetna Casualty and Surety Company (hereinafter referred to as Aetna), State Farm Mutual Automobile Insurance Company (hereinafter referred to as State Farm), Erie and Richard Baker were added as Defendants by order of the circuit court. Richard Baker was apparently added based on a claim of negligent entrustment. Aetna is the Plaintiffs' underinsured motorist carrier, State Farm is Richard Baker's insurer and Erie insures Alice Baker. Boyce Baker did not have his own automobile insurance.

The lower court certified the following questions:

1. In light of *McKenzie v. Federal Mutual Insurance Company*, 393 F.Supp. 295 (S.D.W.Va.1975) and W.Va.Code § 33–6–31 (1982), and where third party personal injury claims arising from an auto accident exist against (1) the named insured under the Family Purpose Doctrine; (2) her father, as a permissive user of the vehicle, who gave permission to drive the insured vehicle to his son, a specifically excluded driver under the daughter's clear and unambiguous named driver exclusion; (3) and the son, the specifically excluded driver; and where the subject automobile liability carrier has paid the minimum $20,000 statutory limit into court in acknowledgement of its obligation under *Jones v. Motorists Mutual Ins. Co.*, [177 W.Va. 763,] 35[6] S.E.2d 634 (1987) now, therefore:

a) Does the subject automobile liability carrier have any further obligation to defend the claims against;

   i) The named insured/daughter

   ii) The permissive user/father

   iii) The specifically excluded driver/son

b) If so, does the subject automobile liability carrier have any further obligation to provide coverage for claims against:

   i) The named insured/daughter

   ii) The permissive user/father

   iii) The specifically excluded driver/son

c) If so, considering coverage limits of 100,000 per person/300,000 per accident, in what amounts for:

   i) The named insured/daughter

   ii) The permissive user/father

   iii) The specifically excluded driver/son[?]

2. Does the policy of insurance issued by State Farm Mutual Automobile Insurance Company to its insured, Richard Baker, covering his 1987 Mercury automobile, extend coverage to Richard Baker or his son, Boyce Baker, for the operation by Boyce Baker of an automobile owned by Alice Baker, daughter of Richard Baker, on November 1, 1987, when the policy of insurance specifically excludes liability coverage for vehicles owned by a resident relative (Alice) of the named insured (Richard)?

The lower court did not directly answer either of the certified questions, but did so implicitly by denying the motions for sum-

mary judgment of each of the Defendants. Upon review of the arguments of the parties and all matters of record submitted before the Court, we hold that the Defendant Alice Baker's insurance company, Defendant Erie, is responsible to the Plaintiffs for the minimum statutory limit of $20,000 and that the Plaintiffs' underinsured motorist carrier, Aetna, is responsible to the Plaintiffs for the remainder of damages covered under the Plaintiffs' underinsured motorist coverage. Moreover, the Defendant State Farm which insures Richard Baker, has no duty to extend coverage to either Richard Baker or Boyce Baker since it was not the insurer of the vehicle involved in this matter. Finally, this decision in no way precludes the action by the Plaintiffs against Richard Baker for the negligent entrustment of Alice Baker's automobile to Boyce Baker.

### Certified Question No. 1

The first certified question is whether Erie has any further obligation, beyond the payment of the $20,000 minimum liability coverage, to either defend against claims or provide coverage for claims arising from the accident. Erie argues that neither the family purpose doctrine nor any other theory of liability against Alice, Boyce, or Richard Baker increases Erie's maximum liability under its named driver exclusion. Aetna asserts that: 1) the availability of underinsured motorist coverage depends on the determination of liability, the determination of damages, and the amount of liability coverage actually available; 2) the family purpose doctrine may impose vicarious liability on another for negligent operation of a motor vehicle by a member of his or her family; 3) a named driver exclusion does not negate an insurer's obligation to defend and provide coverage to its named insured and others not specifically excluded in ac-

cordance with the omnibus statute, up to the limits of liability; and 4) the exclusions in an automobile liability insurance policy which are not conspicuous, plain and clear must be construed in accordance with the doctrine of reasonable expectations. The Plaintiffs contend that this Court's decision in *Universal Underwriters Insurance Co. v. Taylor*, 185 W.Va. 606, 408 S.E.2d 358 (1991), involving liability insurance contracts, is applicable to the present case and that neither Erie nor State Farm should escape liability.[2]

■ West Virginia Code § 33–6–31(a) (1982)[3] specifically provides that:

No policy or contract of bodily injury liability insurance, or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any motor vehicle, shall be issued or delivered in this State to the owner of such vehicle, or shall be issued or delivered by any insurer licensed in this State upon any motor vehicle for which a certificate of title has been issued by the department of motor vehicles of this State, unless it shall contain a provision insuring the named insured and any other person, except a bailee for hire *and any persons specifically excluded by any restrictive endorsement attached to the policy*, responsible for the use of or using the motor vehicle with the consent, expressed or implied, of the named insured or his spouse against liability for death or bodily injury sustained, or loss or damage occasioned within the coverage of the policy or contract as a result of negligence in the operation or use of such vehicle by the named insured or by such person: Provided, That in any such automobile liability insurance policy or contract, or endorsement thereto, if coverage resulting from the use of a non-

---

**2.** We summarily dismiss the Plaintiffs' argument that our decision in *Taylor* is controlling in this case. This case is factually dissimilar from *Taylor*. The driver of the vehicle in *Taylor* had been given permission by the owner to operate the car. In the present case, the owner neither directly gave permission to the driver nor authorized anyone else to grant such permission. Thus, we refuse to extend liability

insurance coverage based upon our reasoning in *Taylor*. *See* 185 W.Va. at 607, 408 S.E.2d at 359, Syl.Pt. 4.

**3.** West Virginia Code § 33–6–31(a) (1982) was amended in 1988; however, since the accident occurred in 1987, the amendments have no effect on the outcome of this case.

owned automobile is conditioned upon the consent of the owner of such motor vehicle, the word 'owner' shall be construed to include the custodian of such nonowned motor vehicles. (emphasis added).

In syllabus point 4 of *Burr v. Nationwide Mutual Insurance Co.*, 178 W.Va. 398, 359 S.E.2d 626 (1987), we interpreted the term "specifically excluded" and concluded that "[t]o be effective under W.Va.Code, 33–6–31(a), an exclusion must specifically designate by name the individual or individuals to be excluded." It is undisputed that Boyce Baker was specifically designated by Alice Baker and her insurer, Erie, as an individual to be excluded.

The only other qualification that this Court has placed upon the use of named driver exclusions was set forth in *Jones v. Motorists Mutual Insurance Co.*, 177 W.Va. 763, 356 S.E.2d 634 (1987). In *Jones*, we attempted to reconcile West Virginia Code § 33–6–31(a), allowing named driver exclusions, with West Virginia Code § 17D–4–2 (1991), setting mandatory minimum insurance coverage limits. We concluded the following:

> A 'named driver exclusion' endorsement in a motor vehicle liability insurance policy in this State is of no force or effect up to the limits of financial responsibility required by *W.Va.Code*, 17D–4–2 [1979];[4] however, above those mandatory limits, or with regard to the property of the named insured himself, a 'named driver exclusion' endorsement is valid under *W.Va.Code*, 33–6–31(a) [1982].

*Jones*, Syllabus, 177 W.Va. at 764, 356 S.E.2d at 635 (footnote supplied).

In addition to requiring the insurer to provide the mandatory minimum coverage limits even where a named driver exclusion existed, we also required the insurer to "defend actions" on behalf of its insured for claims and personal injuries arising

from the named excluded driver's operation of the vehicle. *Id.* at 765, 356 S.E.2d at 636; *see also Horace Mann Ins. Co. v. Leeber*, 180 W.Va. 375, 378, 376 S.E.2d 581, 584 (1988) ("First, if part of the claims against an insured fall within the coverage of a liability insurance policy and part do not, the insurer must defend all of the claims although it might eventually be required to pay only some of the claims. Second, an insured's right to a defense will not be foreclosed unless such a result is inescapably necessary. Thus, third, a liability insurer need not defend a case against the insured if the alleged conduct is entirely foreign to the risk insured against."[5])

In this case, Erie has already paid into court the mandatory minimum $20,000 bodily injury coverage for the Plaintiff. Therefore, due to the existence of the valid named driver exclusion, Erie is not responsible for any damages in excess of the $20,000. Further, Erie does not bear a duty to defend its insured, Alice Baker, against this claim.

Further, it is the primary contention of the Plaintiff and the Defendant, Aetna, that Erie is liable for damages based upon the family purpose doctrine. The family purpose doctrine was explained in *Freeland v. Freeland*, 152 W.Va. 332, 336, 162 S.E.2d 922, 925 (1968), *overruled on other grounds, Lee v. Comer*, 159 W.Va. 585, 224 S.E.2d 721 (1976) as follows:

> [w]here one purchases and maintains an automobile for the comfort, convenience, pleasure, entertainment and recreation of his family, any member thereof operating the automobile will be regarded as an agent or servant of the owner, and such owner will be held liable in damages for injuries sustained by a third person by reason of the negligent operation of the vehicle by such agent or servant. The family member is carrying out the pur-

---

4. West Virginia Code § 17D–4–2 provides for mandatory limits of $20,000 bodily injury for one person, $40,000 bodily injury for two or more persons, and $10,000 property damage minimum coverage requirements.

5. In this case, it is clear that the claim against the insured does not fall within the coverage of the liability insurance policy and therefore, Erie has no duty to defend. If, however, a claim were alleged against the insured which fell within the liability insurance coverage then Erie would have an obligation to defend its insured.

pose for which the automobile was provided. Were not liability incurred by the owner of the automobile in such circumstances, an innocent victim of the negligence of a financially irresponsible driver would be entirely without recourse. This could not be condoned.

*See Bartz v. Wheat,* 169 W.Va. 86, 285 S.E.2d 894 (1982); *Bell v. West,* 168 W.Va. 391, 284 S.E.2d 885 (1981). It is undisputed that the family purpose doctrine is firmly entrenched in the law of West Virginia. However, at issue is whether the family purpose doctrine will prevail over an unambiguous contractual agreement which contains a valid named driver exclusion.[6]

The United States District Court for the Southern District of West Virginia addressed this issue in *McKenzie v. Federal Mutual Insurance Co.,* 393 F.Supp. 295 (S.D.W.Va.1975). The *McKenzie* case was a declaratory judgment action in which the plaintiff was covered by an insurance policy which contained a restrictive endorsement excluding her son from coverage under the policy. The son, while driving the plaintiff's car, was alleged to have hit and killed a child. A wrongful death action was subsequently brought against the plaintiff alleging that the plaintiff was liable under the family purpose doctrine. 393 F.Supp. at 296–97.

The district court concluded that the exclusionary language of the contract of insurance was enforceable over the family purpose doctrine and held that the plaintiff's insurance policy did not extend coverage to claims arising from accidents in which the excluded driver was operating the car. *Id.* at 298. Thus, the plaintiff was not provided insurance coverage, and the insurance company was not required to defend any of the plaintiff's interests in the wrongful death action. *Id.*

■ We agree with the conclusion of *McKenzie* concerning the refusal to extend insurance coverage and hold that where a valid named driver exclusion is present in

an insured's insurance policy pursuant to West Virginia Code § 33–6–31(a) (1982) and where a third party personal injury claim arises against the insured under a family purpose doctrine theory of liability from an automobile accident where the named excluded driver was operating the vehicle without the insured's consent, the insured's insurer need only provide the minimum mandatory liability coverage set forth in West Virginia Code § 17D–4–2.

■ In syllabus point 4 of *State Automobile Mutual Insurance Co. v. Youler,* 183 W.Va. 556, 396 S.E.2d 737 (1990) we held, in pertinent part: *"W.Va.Code,* 33–6–31(b), as amended, on uninsured and underinsured motorist coverage, contemplates recovery, up to coverage limits, from one's own insurer, of full compensation for damages not compensated by a negligent tortfeasor who at the time of the accident was an owner or operator of an underinsured motor vehicle." Thus, the Plaintiffs can recover under their underinsurance coverage for damages in excess of the amounts provided by Erie. In addition, Plaintiffs could potentially have a claim against Richard Baker for negligent entrustment.

### Certified Question No. 2

■ The second certified question concerns whether the insurance policy issued by State Farm to Richard Baker extends coverage to Richard Baker or Boyce Baker for Boyce Baker's use of a car owned by Alice Baker when the State Farm policy specifically excludes liability coverage for vehicles owned by a resident relative of the insured. State Farm argues that the family purpose doctrine does not extend coverage to either Richard Baker or Boyce Baker for accidents occurring while Boyce was operating a vehicle that State Farm does not insure. Aetna, however, argues that State Farm's resident relative exclusion is not conspicuous, plain and clear, and must therefore be construed in accordance with the doctrine of reasonable expectations.

---

**6.** Since the named driver exclusion is dispositive of the issue here, we need not determine whether the family purpose doctrine would apply to this rather unique situation where a fa-

ther and two emancipated adults reside together, as such a determination might hinge on further development of the facts.

The State Farm policy was issued to Richard Baker and insures a 1987 Mercury. It does not insure the vehicle owned by Alice Baker and driven by Boyce Baker at the time of the accident. Moreover, the State Farm policy affords to its insured the following coverage:

We will:

1. pay damages which an *insured* becomes legally liable to pay because of:

a. *bodily injury* to others, ...

. . . .

caused by accident resulting from the ownership, maintenance or use of *your car* . . . .

Even though Boyce Baker may be an insured within the terms of the State Farm policy, coverage for Boyce occurs only when he is driving the insured's car, the insured's "newly acquired car," the insured's "temporary substitute car," or a "non-owned car."

A "temporary substitute car" means

a *car* not owned by *you* or *your spouse*, if it replaces *your car* for a short time. Its use has to be with the consent of the owner. *Your car* has to be out of use due to its breakdown, repair, servicing, damage or *loss*. A *temporary substitute car* is not considered a *non-owned car*.

Moreover, a "non-owned" car is defined as

a *car* not:

1. owned by,

2. registered in the name of, or

3. furnished or available for the regular or frequent use of: *you, your spouse*, or any *relatives*.

Thus, none of the definitions of vehicles for which coverage might be provided includes the 1981 pontiac owned by Alice Baker. Moreover, her vehicle is specifically excluded by the definition of "non-owned car."

This Court has repeatedly held that "[w]here the provisions of an insurance policy contract are clear and unambiguous they are not subject to judicial construction or interpretation, but full effect will be given to the plain meaning intended." Syl-labus, *Keffer v. Prudential Ins. Co.,* 153 W.Va. 813, 172 S.E.2d 714 (1970); *accord* Syl.Pt. 1, *Russell v. State Auto Ins. Co.,* 422 S.E.2d 803 (W.Va.1992).

The language of the State Farm insurance policy issued to Richard Baker is clear and unambiguous. Therefore, we do not address Aetna's argument regarding the doctrine of reasonable expectations. That doctrine applies only to insurance policy language found to be ambiguous. *Russell,* 422 S.E.2d at 805 n. 3; *Buckhannon–Upshur County Airport Auth. v. R & R Coal Contracting, Inc.,* 186 W.Va. 583, 588, 413 S.E.2d 404, 409, n. 10 (1991). Accordingly, we answer certified question number two in the negative, thereby concluding that State Farm is not obligated to extend coverage to either Richard Baker or his son.

Based upon the foregoing, the certified questions presented to this Court by the Circuit Court of Cabell County have been answered. This case is hereby dismissed from the docket of this Court.

Certified questions answered.