**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AETNA CASUALTY & SURETY
COMPANY, a corporation,
Plaintiff-Appellee,

v.

STEVEN P. HOLSTEN, Individually and
as Administrator of the Estate of
Angela E. Holsten,

No. 95-3035

Defendant-Appellant,

and

INVESTMENT OPPORTUNITIES,
INCORPORATED, a corporation, d/b/a
M&M Convenient Mart, a/k/a
M&M Quick Stop,
Defendant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CA-94-755-2)

Argued: September 26, 1996

Decided: November 7, 1996

Before WILKINSON, Chief Judge, LUTTIG, Circuit Judge, and
SMITH, United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed by unpublished opinion. Judge Smith wrote the opinion, in
which Chief Judge Wilkinson and Judge Luttig joined.

**COUNSEL**

**ARGUED:** Cynthia Morrone Salmons, RANSON LAW OFFICES, Charleston, West Virginia, for Appellant. Joseph E. Starkey, Jr., ANSTANDIG, LEVICOFF & MCDYER, P.C., Pittsburgh, Pennsylvania, for Appellee. **ON BRIEF:** Jerry Michael Ranson, RANSON LAW OFFICES, Charleston, West Virginia, for Appellant. Avrum Levicoff, ANSTANDIG, LEVICOFF & MCDYER, P.C., Pittsburgh, Pennsylvania, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

SMITH, District Judge:

Aetna Casualty & Surety Company, the Appellee, instituted this action in the United States District Court for the Southern District of West Virginia, seeking a declaration that it had no obligation to provide liability coverage under an insurance policy it had underwritten for the benefit of Investment Opportunities, d/b/a M&M Convenient Mart, a/k/a M&M Quick Stop, with respect to certain liquor liability claims that had been brought against M&M by Steven P. Holsten, the Appellant here. The district court found that M&M's policy unambiguously excluded from coverage liability arising out of the negligent sale of alcohol to an intoxicated patron, and hence ruled in Aetna's favor. The parties stipulated to the relevant facts in the lower court, leaving only matters of law to be determined by this court. For the reasons stated below, we affirm the decision of the district court.

I.

On April 15, 1993, the Appellant's wife was struck and killed in a head-on collision with a drunk driver. Prior to the accident, although while already intoxicated, the drunk driver purchased beer from the

2

M&M Convenient Mart. The drunk driver then consumed this beer before colliding with Appellant's wife's car.

Holsten instituted a civil action on October 6, 1993, in the Circuit Court of Boone County, West Virginia, seeking damages from M&M, among others. In August, 1994, Holsten and M&M reached a settlement agreement in which M&M conceded that it was liable in the death of Holsten's wife. The parties agreed to the entry of a judgment in the amount of $1 million, and M&M assigned its rights under its liability policy to Holsten. After Holsten made a demand on Aetna for payment, Aetna filed a declaratory judgment action on February 22, 1995.

The parties stipulated to the material facts, and filed cross-motions for summary judgment. In its motion Aetna argued that insurance coverage for Holsten's stipulated judgment was excluded by reason of the policy's liquor liability exclusion. Holsten insisted, in his motion, that an ambiguity was created in the policy because of the existence of both a liquor liability exclusion and a products-completed operations hazard provision. As a result, Holsten asked the court to construe the policy in favor of the insured. The district court granted Aetna's Motion for Summary Judgment in a Memorandum Order filed on October 30, 1995.

This court reviews the entry of summary judgment de novo, applying the same standard applicable to the district court. M & M Medical Supplies & Service, Inc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir.), cert. denied, 508 U.S. 972 (1993). Because this is a diversity action, the court follows Erie R. Co. v. Tompkins, 304 U.S. 64 (1938), and applies the substantive law of West Virginia.

Relevant provisions of M&M's insurance policy are as follows:

SECTION I - COVERAGES

COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. Insuring Agreement.

3

a. We will pay those sums that the "insured" becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . . .

2. Exclusions.

This insurance does not apply to: . . .

c. "Bodily injury" or "property damage" for which any insured may be held liable by reason of:

(1) Causing or contributing to the intoxication of any person . . . .

This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. . . .

SECTION III - LIMITS OF INSURANCE

2. The General Aggregate Limit is the most we will pay for the sum of: . . .

b. Damages under Coverage A and B, except damages because of injury and damage included in the "products-completed operations hazard" . . . .

3. The Products-completed Operations Aggregate Limit is the most we will pay under Coverage A for damages because of "bodily injury" and "property damage" included in the "products-completed operations hazard." . . .

4

SECTION V - DEFINITIONS

11. a. "Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned. . . .

14. "Your product" means:

a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(1) You;

(2) Others trading under your name; or

(3) A person or organization whose business or assets you have acquired; and

b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

"Your product" includes:

a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

b. The providing of or failure to provide warnings or instructions.

5

II.

Holsten struggles in vain to convince the court that M&M's policy is ambiguous and hence must be interpreted broadly so as to provide coverage in this instance. He contends that the policy's products-completed operations hazard ("PCOH") provision provides coverage for all liability arising out of the sale of any product, despite the liquor liability exclusion, and that the district court erred in holding that no ambiguity exists in a policy which contains both a liquor liability exclusion, which bars coverage, and the PCOH provision, which grants it. Holsten concludes his presentation by observing that, when a policy is ambiguous, an interpreting court must honor the insured's reasonable expectations and construe the policy to provide coverage.

Aetna observes correctly, however, that this court need not concern itself with the reasonableness of M&M's expectations, if it first decides that the policy unambiguously excluded from coverage liability arising out of the negligent sale of alcohol. See Eggleston v. West Virginia Dept. of Highways, 429 S.E.2d 636 (W. Va. 1993) (providing that the question of whether an insurance contract is ambiguous on its face is a question of law to be determined by the court); National Mut. Ins. Co. v. McMahon & Sons, 356 S.E.2d 488 (W. Va. 1987) (limiting the doctrine of reasonable expectations to those instances in which the policy language is ambiguous). When the provisions of an insurance contract are clear and unambiguous, they are not subject to judicial construction; rather, full effect must be given to the policy's plain meaning. Arndt v. Burdette , 434 S.E.2d 394, 399 (W. Va. 1993); Ward v. Baker, 425 S.E.2d 245, 251 (W. Va. 1992); Buckhannon-Upshur County Airport Auth. v. R. & R. Coal Contr., Inc., 413 S.E.2d 404, 409 (W. Va. 1991).

No ambiguity exists in M&M's policy because its liquor liability exclusion expressly excludes from coverage any #7F 79AD#b]odily injury' or `property damage' for which [M&M] may be held liable by reason of [c]ausing or contributing to the intoxication of any person." Given that M&M's negligent sale of beer undisputedly contributed to the intoxication of its already besotted patron, this exclusion provision clearly applies. By simply applying the policy's language, this court concludes that the district court correctly held that Aetna had no obligation to pay Holsten's claim.

6

Holsten's argument to the contrary is simply unavailing. He attempts to read an ambiguity into the policy by contending that the PCOH provision eviscerates the liquor liability exclusion and thereby creates a conflict which must be read in his favor. Whether or not the PCOH provision would provide liquor liability coverage if standing alone,* the obvious intent of the liquor liability exclusion is to bar such coverage. Moreover, when interpreting a contract, a court should follow the interpretive philosophy that specific language trumps general text. United States v. Marietta Mfg. Co. , 339 F. Supp. 18, 27 (S.D.W. Va. 1972). Because it is the policy's only provision that specifically addresses the issue of liability for alcohol related injuries, the specific, clearly worded liquor liability provision controls.

III.

Based on the foregoing discussion, we conclude that M&M's policy unambiguously barred coverage for liability arising out of the negligent sale of alcohol to an intoxicated patron. Accordingly, the district court's decision to grant Aetna's motion for summary judgment is

AFFIRMED.

_____

*The district court, relying on the authority of 7A Appelman, Insurance Law and Practice 4508 (Berdal ed.) (1976), believed that the PCOH provision was intended merely to provide defective products liability coverage. Counsel for Aetna conceded at oral argument, however, that in his opinion, the PCOH provision could be interpreted as providing liquor liability coverage as well, absent a specific liquor liability exclusion such as the one in M&M's policy. This court does not decide this question.

7